### TEACHOUT CO v AIKENS et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10092.  Decided November 11, 1929

Mr. W. H. Gillie, Cleveland, for Teachout Co.

Messrs. Miles E. Evans and Fred H. Zuck, Cleveland, for Aikens et.

MIDDLETON, P. J. & MAUCK, J. (4th Dist) sitting

Mr. Franklin B. Powers, Youngstown, for Woolworth Co.

Mr. Harry Rapport, Youngstown, for Wilbois.

MAUCK, J.

The property owners relied upon this instrument as a waiver of the plaintiff's right to a lien and paid out the contract price to the contractors. The plaintiff now claims somewhat vaguely (Record p. 78) that it meant by the letter to waive conditioned on the payment of its bills.

Tousley testifies:

"I told them that if they would pay the bills at the 10th of each month, everything that was delivered the previous month would be paid by the 10th, that that would automatically release and I could give them a final at that time."

In other words, the plaintiff claims it was not to take a lien unless its bills were unpaid. The answer to this is that no one takes a lien if bills are paid and the claim of the plaintiff is virtually that it meant nothing at all by its letter. This will not do. The property owners had a right to rely on the plaintiff's promise expressed in the first sentence of the letter. They had a right to assume that the second sentence meant that since the plaintiff would have no lien it would expect bills to be paid by the 10th of the month ensuing delivery and in default would pursue its legal rights, i. e., either to suspend further delivery or sue the contractors or both.

The property owners having relied upon the waiver and having had a right to do so and having paid out to the contractors all the money owing on the contract, the plaintiff is estopped from enforcing the lien asserted by it.

Middleton, P. J., concurs.